**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA LEE TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00913 RHH |
| | ) | |
| CULVER & CAIN PRODUCTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on the motion of self-represented plaintiff Rebecca Lee Tate for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's motion for appointment of counsel will be denied at this time. [ECF No. 3].

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

1

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Rebecca Tate is a self-represented litigant who filed the instant civil action against six defendants: Culver & Cain Production; Culver Oil & Gas; Griffin Operating Company, Inc.,

2

Harman Operating Company, Inc., Hunt Oil Company, and Sunoco. Plaintiff has listed defendants' addresses in Texas.

Plaintiff indicates her mailing address is in Florissant, Missouri. And she asserts this Court has jurisdiction over this action because it deals with "land condemnation, theft of property, contractual fraud, including an unconscionable oil and gas lease." However, she fails to indicate the actual jurisdictional basis for the Court's jurisdiction, *i.e.* the statutory basis for jurisdiction

Under the section titled, "Amount in Controversy," plaintiff states that she is seeking "$100,000,000" because defendants "stole" her late mother's land, "along with its wealth." She states that she no longer has an inheritance. However, plaintiff fails to articulate the value of the alleged land.

Plaintiff's "Statement of Claim" in the complaint consists of the following:

1. I have been deprived of my inheritance, including Mineral interests, Royalty payments, and monies owed to me accumulated over the years.
2. The year my mother signed an oil & gas lease (in 1963) . . . till today.
3. In the U.S. (in the state of Texas).
4. Emotional, Financial and Economic Hardships (and distress).
5. The Defendants cheated me out of my inheritance, and wealth, through my Theft of my late mother's land.

Plaintiff asks the Court to terminate the oil & gas lease her mother signed relating to her mother's property in Texas which she believes "disproportionately favors the energy sector." She seeks compensatory and punitive damages.

## Discussion

The Court has carefully reviewed the instant complaint and determined plaintiff has not carried her burden of establishing subject matter jurisdiction.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

**B. Federal Question Jurisdiction Under 28 U.S.C. § 1331**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

**C. Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332**

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs,

and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

Additionally, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

### D. Failure to Prove Subject Matter Jurisdiction

The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship*, 235 F.3d at 1112. In this case, plaintiff has failed to establish the existence of subject matter jurisdiction.

As to federal question jurisdiction, plaintiff does not meet the requirements because he simply does not assert any issues arising under the Constitution, laws, or treaties of the United States. Federal question jurisdiction is only proper where a plaintiff asserts "[a] non-frivolous

6

claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n*, 784 F.2d at 325. "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin*, 407 F.3d at 907. Here, plaintiff does not cite to a specific federal statute or provision of the United States Constitution which is at issue in this case.

As to diversity jurisdiction, plaintiff has not shown that the amount in controversy exceeds the jurisdictional threshold. Moreover, plaintiff has not established diversity between the parties. For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as the defendants. Here, plaintiff provides a Missouri address for herself, and she lists Texas addresses for defendants, but she fails to list states of citizenship for either herself or the Texas defendants.[1]

In the section of the form complaint for demonstrating the citizenship of the parties, plaintiff purposefully does not indicate the state in which she is a *citizen*. Similarly, she has not listed in the complaint the *states of citizenship* of any of the defendants. Thus, plaintiff has not shown subject matter jurisdiction under 28 U.S.C. § 1332.

**E. Venue**

The instant complaint also fails to show that venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for plaintiff's claims. Section 1391(b) provides:

---

[1] Under 28 U.S.C. § 1332, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal business." 28 U.S.C. § 1332(c)(1). *See also Jet Midwest International Co., Ltd. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019). According to the Supreme Court, the "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). Normally, this should "be the place where the corporation maintains its headquarters," so long that the headquarters is "the nerve center, and not simply an office where the corporation holds is board meetings." *Id.* Only corporations receive this treatment under § 1332, and the citizenship of non-incorporated entities, such as limited liability companies, depends on the citizenship of their members. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004).

7

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, it appears that the property at issue in the complaint is in Texas. Moreover, all the defendants appear to be residents, if not citizens, of the State of Texas. Thus, venue appears to be improper in his Court.

Section 1406 of Title 28 of the United States Code allows this Court to dismiss or transfer a case filed in the wrong district. However, it does not appear to be in the interest of justice to transfer this case to a District Court in Texas where this action should have been brought because plaintiff has not articulated the jurisdictional basis for bringing her claims in federal Court.

**F. Order to Show Cause**

As discussed above, plaintiff has the burden of establishing the Court's subject matter jurisdiction. In this case, plaintiff has failed to articulate an amount in controversy over the jurisdictional amount (or that the property in question is worth more than the jurisdiction amount), has not clearly alleged diversity of citizenship, and has not pointed to a federal statute or constitutional provision to support this case involves a federal matter. Therefore, the Court will order plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction. Plaintiff shall also address why venue would be appropriate in the Eastern District of Missouri. Plaintiff will be given **thirty (30) days** to submit a written response. Failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is ordered to show cause in writing and within **thirty (30) days** of the date of this order as to why this action should not be dismissed for lack of subject matter jurisdiction and venue.

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a show cause response in writing and within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

Dated this 25th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE