UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REBECCA LEE TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-CV-00913 RHH |
| ) | |
| CULVER & CAIN PRODUCTION, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Rebecca Tate's response to the Court's Order dated June 25, 2025. *See* ECF Nos. 4 and 5. In the June 25, 2025 Opinion, Memorandum and Order, the Court directed plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response attempts to assert jurisdiction under the federal diversity statute. *See* ECF No. 5. However, the Court finds plaintiff's arguments for diversity jurisdiction to be meritless. As such, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1406 for improper venue.

**Background**

Plaintiff Rebecca Tate filed this action on June 16, 2025, against six defendants: Culver & Cain Production; Culver Oil & Gas; Griffin Operating Company, Inc., Harman Operating Company, Inc., Hunt Oil Company, and Sunoco. Plaintiff has listed defendants' addresses in Texas. [ECF No. 1, pp. 2-4].

In the section of the form complaint designated to state the bases for jurisdiction, plaintiff filled in "Federal Question" jurisdiction. Underneath this section she wrote the following: "Land

condemnation, Theft of Property, Contractual Fraud, including an Unconscionable oil & gas lease." *Id.* at 5.

Plaintiff alleged the following in her "Statement of Claim:"

1. I have been deprived of my inheritance, including Mineral interests, Royalty payments, and monies owed to me accumulated over the years.
2. The year my mother signed an oil & gas lease (in 1963) . . . till today.
3. In the U.S. (in the state of Texas).
4. Emotional, Financial and Economic Hardships (and distress).
5. The Defendants cheated me out of my inheritance, and wealth, through my Theft of my late mother's land.

*Id.* at 7.

For relief, plaintiff asks the Court to terminate the oil & gas lease her mother signed relating to her mother's property in Texas which she believes "disproportionately favors the energy sector." She seeks compensatory and punitive damages. *Id.*

### Plaintiff's Response to the Order to Show Cause

On July 22, 2025, plaintiff filed a response to the Court's Order to Show Cause regarding jurisdiction over this matter. [ECF No. 5]. In the response, plaintiff asserts that the basis for the Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. *Id.* at 1. Plaintiff claims in a conclusory fashion that the amount in controversy exceeds $75,000. However, she has not addressed the citizenship of each of the defendants.

### Discussion

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction

may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Upon review of plaintiff's complaint and her response to the Court's Order to Show Cause, the Court finds no basis for federal jurisdiction.

Plaintiff initially claimed in her complaint that she was basing jurisdiction on federal question jurisdiction. However, her state law claims of theft, fraud, breach of contract and unconscionability provide no basis for federal question jurisdiction. Nothing in the "Statement of Claim" refers to a violation of a federal statute or Constitutional provision. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Similarly, plaintiff has not established diversity jurisdiction under 28 U.S.C. § 1332. The Court has diversity jurisdiction over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, the complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate

party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). There are six defendants in this action: Culver & Cain Production; Culver Oil & Gas; Griffin Operating Company, Inc., Harman Operating Company, Inc., Hunt Oil Company, and Sunoco. Plaintiff has failed to indicate each of the defendants' state of incorporation and each of the defendants' state of principal place of business. As such, she has not adequately plead the citizenship of each of the defendants in this action. Additionally, she has not properly plead that the amount in controversy exceeds $75,000.

This case relates to a dispute over the oil and gas rights over a piece of property in Wood County, Texas.[1] Plaintiff has failed to identify the following in her complaint: (1) the address for the property; (2) the current owner of the property; (3) the alleged transfer of ownership in the property from 1913 (when her grandfather allegedly owned it) to the present; (4) any lease agreements which created an interest in the property; (5) a will or trust that provided plaintiff an ownership or lease agreement in the property; (6) any quiet title actions that may have occurred relative to the property; (7) any prior litigation or arbitration that occurred relative to the property prior to the instant lawsuit; and (8) any valuation of the property that was done between 1913 when her grandfather owned the property and the present day. Plaintiff's failure to provide pertinent information relative to the property in question, especially as to her ownership interest and its valuation, is fatal to her assertion that she can meet the amount in controversy for diversity jurisdiction purposes.

---

[1]As noted in the Court's June 25, 2025 Opinion, Memorandum and Order, because this matter deals with property in Wood County, Texas, venue is improper in this district, pursuant to 28 U.S.C. 1391(b). Section 1406 of Title 28 of the United States Code allows this Court to dismiss or transfer a case filed in the wrong district. Because the property at issue is in Texas, the defendants appear to be residents of Texas and a substantial part of the events giving rise to the claims in this case appear to have occurred in Texas, the Court finds that this matter is more appropriately brought in Texas. However, because plaintiff has not appropriately articulated subject matter jurisdiction, it is appropriate to dismiss this action for improper venue.

The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). To satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint,* 486 F.3d at 348. When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.,* 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Plaintiff seeks up to $100,000,000 in damages in her complaint. However, she has not quantified her damages but instead rests her claims for damages entirely on conclusory statements about her beliefs as to the ability to get oil, gas and mineral rights from the property in question.[2] Unfortunately, plaintiff's conclusory statements as to the jurisdictional prerequisite are not enough to meet the amount in controversy. Therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement in excess of $75,000.

## Conclusion

This federal court has a duty to ascertain whether jurisdiction exists over a matter. After review of the record, the Court finds that there is no basis for jurisdiction nor has plaintiff

---

[2] Plaintiff mentions in her response brief that she was told that the land which plaintiff believed to have been owned by her mother was actually owned by an entity known as the Family Land Heritage Trust, at least as far back as 2004, when plaintiff's mother died. Although plaintiff believes that the conveyance was purportedly fraudulent, in Missouri the statute of limitations for fraud is five years. *See* Mo. Rev. Stat. § 516.120. Nonetheless, if fraud is actively concealed, a litigant has up to ten years to file a lawsuit from the date the fraud was discovered, or could have been discovered, to file a lawsuit, not necessarily when the initial damage occurs. *Id.* Given that plaintiff would have allegedly known about plaintiff's mother's estate and the alleged Wood County, Texas property between 2004 and 2014, she is more than eleven years late in claiming fraud relative to defendants' actions. Similarly, an action in Missouri for breach of contract relative to any deed or conveyance of land must also be brought within ten years. *See* Mo. Rev. Stat. § 516.110.

articulated that the Federal District Court for the Eastern District of Missouri is the proper venue for the present action. For these reasons, this case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Alternatively, this matter is dismissed for lack of proper venue. *See* 28 U.S.C. §§ 1391 and 1406.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 25th day of July, 2025.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE